(249 P.3d 1210)
No. 105,571

SPRINT COMMUNICATIONS COMPANY, L.P., SPRINT NEXTEL CORPORATION, SPRINT UNITED MANAGEMENT COMPANY, SPRINT CORPORATION, MENORAH MEDICAL CENTER, OVERLAND PARK REGIONAL MEDICAL CENTER-HCA MID-WEST HEALTH SYSTEM, SHAWNEE MISSION MEDICAL CENTER, and ST. LUKE'S SOUTH HOSPITAL/ST. LUKE'S HEALTH SYSTEM, *Petitioners*, v. THE CORPORATION COMMISSION OF THE STATE OF KANSAS, *Respondent*.

Opinion filed March 2, 2011.

*James P. Zakoura,* of Smithyman & Zakoura, Chartered, of Overland Park, for petitioners.

*Martha J. Coffman* and *Patrice Petersen-Klein,* of Kansas Corporation Commission, of Topeka, for respondent.

*James G. Flaherty,* of Anderson & Byrd, L.L.P., of Ottawa, for intervenor Empire District Electric Company.

Before MALONE, P.J., HILL and LEBEN, JJ.

HILL, J.: Kansas courts only have authority to review final agency actions or decisions. In this utility rate case, and its companion (*Kansas City Power & Light Co. v. Kansas Corporation Comm'n,* No. 105,590; unpublished opinion filed March 2, 2011), the Kansas Corporation Commission was still dealing with motions for reconsideration filed by various parties when this petition for judicial review was filed. These motions focus on the substantial issue of the award of rate case expenses, one of the many components of the revenue requirements of utilities that is at the heart of our judicial review. These motions do not involve mere ministerial acts. In other words, this utility rate case is still under active consideration by the Commission. Therefore, we hold the petition for judicial review of agency action filed in this case (and the companion case) is premature because the Commission has not yet taken its final action. Following the wording of the applicable statute, K.S.A. 66-118b, we hold the time for filing an appeal of any order in a proceeding arising from a utility rate hearing shall run from the

date that *all* petitions for reconsideration have been denied or deemed denied due to the passage of time. We dismiss this case without prejudice.

*We offer a brief procedural history.*

In December 2009, The Kansas City Power and Light Company, commonly known as KCPL, filed an application with the Kansas Corporation Commission to modify its tariffs and continue implementation of its regulatory plan. This application was one of a series of cases addressing the costs of the company's construction of new power generating stations. KCPL sought new electricity rates. Several businesses and a consumer group intervened in the proceeding. The Commission held evidentiary hearings in August and September 2010 and issued its initial order addressing the prudence of construction of the generating station. At the same time, the Commission approved a part of KCPL's application for a rate increase.

Following this order, timely petitions for reconsideration and clarification were filed by KCPL, the staff of the Commission, the Citizens' Utility Ratepayer Board (CURB), and other parties that sought to intervene, including various Sprint corporations and several Kansas City-area hospitals. In its order ruling on the motions for reconsideration, the Commission denied the movants' requests for reconsideration on most issues, clarified several issues, and modified its prior decision pertaining to rate case expenses. With respect to rate case expenses, the Commission modified its prior holding that such expenses should be treated as interim relief. Instead, the Commission awarded over $5.6 million in rate case expenses that would not be subject to a "true-up" or refund. The Commission also granted KCPL's request to correct both its investment tax credit concerning Wolf Creek Generating Station and its excess deferred income tax.

*The Commission advised the parties about further reconsideration or judicial review.*

In concluding its order, the Commission told the parties about asking for reconsideration and also gave the identity of the proper official to serve if any party sought judicial review of its order. The

Commission, however, retained jurisdiction of the subject matter in case the parties decided to file additional motions for reconsideration:

"(V) Parties have fifteen days, plus three days if service of this Order is by mail, from the date of service of this Order in which to petition the Commission for reconsideration of any matter decided herein. K.S.A. 66-118b; K.S.A. 2009 Supp. 77-529(a)(1).

"(W) To the extent that this order constitutes final agency action that is subject to judicial review, K.S.A. 77-607(b)(1), the agency officer designated to receive service of any petition for judicial review is Susan K. Duffy, Executive Director. K.S.A. 2009 Supp. 77-529(d).

"(X) The Commission retains jurisdiction over the subject matter and parties for the purpose of entering such further order or orders as it may deem necessary."

*Some parties sought further reconsideration by the Commission.*

Both KCPL and the consumer group, CURB, filed second petitions for reconsideration of the Commission's revised order. KCPL, asserting due process concerns, requested the Commission to reconsider its decision declaring the rate case expenses final. KCPL also asserted that the Commission had wrongfully excluded legitimate additional expenses because it declared the rate case expenses to be final, even though the proceeding was ongoing. In its petition, CURB claimed the order on reconsideration erred (a) in designating the $5,669,712 in rate case expenses awarded by the Commission as a final agency action; and (b) by directing Commission staff to file copies of Data Requests 554 and 555 and responses in this administrative record. The Commission has now granted these petitions and it has reopened the administrative record to receive new evidence. The Commission also ruled that all other intervenors could, on a limited basis, participate in these additional proceedings dealing with rate case expenses.

Despite the pendency of these motions, the Sprint companies and the various hospitals filed a petition for judicial review with this court on February 3, 2011, within 30 days of the Commission's initial order on reconsideration. Similarly, KCPL filed a petition for judicial review in a companion case with this court on February 8, 2011.

We issued orders to show cause in both cases, questioning this court's jurisdiction and whether the order on reconsideration is a final agency action.

*We must consider our jurisdiction.*

We deal here with legal fundamentals. An appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, it is the duty of the appellate court to dismiss the appeal. *State v. Denney,* 283 Kan. 781, 787, 156 P.3d 1275 (2007). Therefore, we must question whether we can proceed in this case.

According to K.S.A. 2010 Supp. 66-118c, once a party has exhausted the administrative processes before the Kansas Corporation Commission, any action by the Commission is subject to review under the Kansas Judicial Review Act found in K.S.A. 2010 Supp. 77-601 through 77-631. The Court of Appeals has exclusive jurisdiction to review any Commission action "arising from a rate hearing." K.S.A. 66-118a(b).

Under the Judicial Review Act, a party may seek review of any "final agency action" if the party (1) has standing; (2) has exhausted all administrative remedies; and (3) has timely filed a petition for judicial review and complied with any other preconditions for judicial review. K.S.A. 77-607. The Act defines "final agency action" as "the *whole or a part* of any agency action other than nonfinal agency action." (Emphasis added.) K.S.A. 77-607(b)(1). In contrast, a nonfinal agency action is a ruling intended "to be preliminary, preparatory, procedural or intermediate with regard to subsequent agency action." K.S.A. 77-607(b)(2).

Simply put, all cases seeking judicial review of any utility rate action of the Commission must be filed in this court, and this court only has jurisdiction to review final agency actions.

Prior cases have plowed some of this ground. An order cannot be final if the matter is still under "active consideration" by the tribunal. *Bruns v. Kansas State Bd. of Technical Professions,* 19 Kan. App. 2d 83, 85, 864 P.2d 1212 (1993), *aff'd* 255 Kan. 728, 877 P.2d 391 (1994). However, the fact that ministerial tasks remain to be done does not establish that the matter is still under

active consideration and does not render a final agency decision nonfinal. *Guss v. Fort Hays State Univ.*, 38 Kan. App. 2d 912, Syl. ¶ 4, 173 P.3d 1159 (2008). There is no "magic language" necessary to create a final agency action for purposes of the Kansas Judicial Review Act. 38 Kan. App. 2d at 916.

Obviously here, where the Commission has reopened the administrative record, this case is still under active consideration by the agency.

*There is a unique legal requirement of successive motions for reconsideration here.*

The law is clear; petitions for reconsideration of any Commission decision are mandatory. K.S.A. 66-118b specifically provides that no action arising out of a Commission order "shall accrue in any court" unless the appealing party has filed a petition for reconsideration. That same statute gives the Commission only 30 days to issue an order on reconsideration. But there is a legal obligation to file *another* petition for reconsideration:

"An order made after reconsideration, *abrogating, changing or modifying the original order or decision,* shall have the same force and effect as an original order or decision, *including the obligation to file a petition for reconsideration . . . as a condition precedent to filing an action for review thereof.* The time for filing an appeal of any order or decision in a proceeding shall run from the date that *all petitions for reconsideration in such proceeding have been denied . . . .*" (Emphasis added.) K.S.A. 66-118b.

This court has held that a second petition for reconsideration is not necessary if the party is not aggrieved by the modified order on reconsideration. See *Williams Natural Gas Co. v. Kansas Corporation Comm'n*, 22 Kan. App. 2d 326, 333-34, 916 P.2d 52, *rev. denied* 260 Kan. 1002 (1996). But we note that in *Williams Natural Gas*, it appears the petition for judicial review was not filed until all motions for reconsideration were denied.

Clearly, the Kansas Legislature intended to give the Commission and all parties involved in utility rate proceedings every opportunity to "get it right" by requiring additional petitions for reconsideration. If the Commission changes in any way an order on reconsideration, any party aggrieved by the modification must ask for fur-

ther reconsideration by the Commission. K.S.A. 66-118b. Reading both the Commission's statutory review provisions in *pari materia* with the Kansas Judicial Review Act leads us to conclude the present petitions for review are premature because the Commission's orders do not yet constitute final agency action or appealable orders.

In our view, the final sentence of K.S.A. 66-118b is telling. It says the time for filing an appeal of any order in a proceeding shall run from the date that *all* petitions for reconsideration have been denied or deemed denied due to the passage of 30 days. This language implies that a Commission proceeding is not subject to judicial review—because the time to seek review is not started—until all motions for reconsideration have been ruled upon by the Commission or deemed denied due to the statutory deadline. Thus, with this holding, even if parties such as the Sprint companies and the hospitals here have no concern with the Commission's modification of the rate case expenses issue and did not seek reconsideration of that matter, their time to appeal does not start to run until all petitions for reconsideration are denied.

These cases involve broad social interests that a court should resolve with dispatch but not in a piecemeal fashion. With no definitive ruling from us on this point, the parties to a utility rate case are placed in a quandary. One party may receive an order that needs no further reconsideration so that party has but 30 days to file a petition for judicial review, and does so. But other parties must, according to the law, seek reconsideration and then further reconsideration if needed. The Commission cannot announce when its actions or decisions are final because the law requires it to consider all petitions for reconsideration and additional petitions for reconsideration after that. Quite simply, the Commission has no way of knowing when any of the parties will stop asking for reconsideration. Months can elapse before this process is complete. Meanwhile, the original party, filing a timely petition for judicial review, must either wait or try to press forward in a case that has not yet been completely resolved. Further, the subject of the petition for reconsideration such as the question of rate case expenses raised here, may be at the heart of the judicial review question that

this court must ultimately address. This is why piecemeal appeals cannot be effective.

We dismiss this appeal because we have no jurisdiction to review an agency action that is not final.